DECISION
{¶ 1} Appellant, Joe Mary's Inc., appeal from the September 18, 2002 decision of the Franklin County Court of Common Pleas affirming appellee's, Ohio Liquor Control Commission ("Commission"), decision to revoke appellant's liquor permit.
 {¶ 2} On December 19, 2000, Gabriel M. Iqab, an employee for appellant, sold alcohol to an underage confidential informant of the Mansfield Police Department without asking for identification to prove that she was at least 21 years of age. On February 25, 2002, in case No. 1631-01, the Commission ruled that a violation of the liquor law had occurred and assessed appellant a penalty of $200 or two days suspension.
 {¶ 3} On April 18, 2001, Agent Van Horn of the Department of Pubic Safety entered appellant's establishment wearing a micro-cassette recorder in the front pocket of his jacket. Agent Van Horn approached a cooler containing alcoholic beverages, grabbed a bottle labeled "Laser Beer" and placed it on the sales counter. Agent Chusta also entered appellant's establishment posing as a patron to witness the transaction. The clerk, Iqab, placed the bottle of Laser Beer in a brown paper bag and stated, "$1.50." The following conversation occurred between the agent and store clerk:
 {¶ 4} "Agent Van Horn: Can I get one of them crack kits?
 {¶ 5} "Iqab: The what?
 {¶ 6} "Agent Van Horn: The kit, the crack kit.
 {¶ 7} "Iqab: Oh, $6.50.
 {¶ 8} "Agent Van Horn: There's a lighter and everything in here?
 {¶ 9} "Iqab: Yea.
 {¶ 10} "Agent Van Horn: OK. Thanks." (April 26, 2001 Incident/Arrest Report, at 1.)
 {¶ 11} The agents returned to the premises and identified themselves to Mr. Iqab. They advised him of the violation. Agent Van Horn seized as evidence: 18 intact packages labeled "viva classic disposable lighters," 43 intact packages of passion mini rose containing glass pipes with a rose inside each, 37 intact packages labeled "Chore Boy" containing mesh, 30 brown bags with each bag containing one glass pipe with a rose, one disposable lighter, one plastic tub containing six copper mesh, and 69 individual glass pipes containing a rose each. (April 26, 2001 Incident/Arrest Report, at 1.)
 {¶ 12} Appellant was charged in case No. 1632-01 before the Commission for violating Ohio Adm. Code 4301:1-1-52; possession of drug paraphernalia. A hearing was conducted before the Commission on February 14, 2002. The owners of the permit for appellant did not attend the hearing. Instead, their attorney, John Tanoury, was present at the hearing. On February 26, 2002, the Commission found that appellant had violated license law and ordered a revocation of its liquor permit.
 {¶ 13} Appellant appealed the order in case No. 1632-01 to the Franklin County Court of Common Pleas. The trial court affirmed the Commission's decision. It is from this decision that appellant timely appeals, asserting the following as error:
 {¶ 14} "The order of the liquor control commission was not supported by reliable, probative and substantial evidence and was not in accordance with the law."
 {¶ 15} In the sole assignment of error, appellant argues that the Commission did not have reliable, probative, and substantial evidence to revoke its liquor license and that the Commission did not act in accordance with the law. We disagree.
 {¶ 16} In Lorain City School District Bd. of Educ. v. State Employment Relations Bd. (1988), 40 Ohio St.3d 257, 260-261, the Ohio Supreme Court set forth the following standard of review for an appellate court in reviewing a judgment of the trial court which determines an administrative appeal:
 {¶ 17} "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion ` "* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency."' State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970),23 Ohio St.2d 82 * * *."
 {¶ 18} R.C. 119.12 governs the administrative appeal applied for by appellant. R.C. 119.12 states in pertinent part:
 {¶ 19} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."
 {¶ 20} The trial court used the definition of reliable, probative, and substantial evidence found in Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 589, which states, in pertinent part:
 {¶ 21} "(1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value."
 {¶ 22} Thus, this court's standard of review is limited to whether the trial court abused its discretion in finding the Commission's order was supported by reliable, probative, and substantial evidence and that it was in accordance with law.
 {¶ 23} In this case, appellant contends that, "there was simply no evidence that the permit holder or employee knowingly or willfully allowed such activity [selling drug paraphernalia]." As to the evidence in this case, the investigator's report stated in part that 30 brown bags with each bag containing one glass pipe with a rose, one disposable lighter, and one blue plastic tub containing six copper mesh were found on the permit holder's premises. Also, an employee of appellant sold a crack kit to an undercover agent. At the hearing before the Commission, appellant's attorney stipulated to the admission of the investigator's report. The trial court properly examined the evidence. Based upon the record, this court does not find the trial court's "attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The evidence that was before the trial court could support the decision that the court reached in this case.
 {¶ 24} Appellant contends that it did not know selling drug paraphernalia was illegal. This court dealt with a similar issue in Dimitri's, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 01AP-949, 2002-Ohio-2088. In Dimitri's, the Commission ordered the suspension of the store's liquor permit because of the sale of drug paraphernalia by a store employee. We held that the evidence of an agent asking an employee for a crack kit, the employee pointing to the pipe, and the agent responding "yes, a crack pipe," was sufficient for the Commission's finding that the employee sold the object with the knowledge that it was a pipe intended to be used for ingestion of crack cocaine.
 {¶ 25} In the case before this court, appellant's permit was revoked because the Commission determined that an employee of appellant, knowingly or willfully sold drug paraphernalia in violation of Ohio Adm. Code 4301:1-1-52(B)(4), which states in pertinent part:
 {¶ 26} "(B) Prohibited activities: no permit holder, his agent, or employee shall knowingly or willfully allow in and upon his licensed permit premises any persons to:
 {¶ 27} "* * *
 {¶ 28} "(4) Allow in, upon or about the licensed permit premises, or engage in or facilitate in, the possession, use, manufacture, transfer, or sale of any dangerous drug, controlled substance, narcotic, harmful intoxicant, counterfeit controlled substance, drug, drug paraphernalia, or drug abuse instrument as said terms are defined in ORC Chapter 2925."
 {¶ 29} Appellant alleged that the Commission erred in finding a violation of Regulation 52 because the permit holder did not know that selling the drug paraphernalia was illegal. In their brief, appellant admits to knowing that what they were selling were crack kits for the consumption of crack cocaine but it did not know that it was illegal to sell drug paraphernalia. The Ohio Supreme Court has held in the past that "the general rule is that ignorance of the law is no excuse" and that "[t]o hold that those who know about such rules or regulations are bound and those who do not know are not bound would make for a most unjust administration of law." State ex rel. Bd. of Edn. of North Canton Exempted Village School Dist. v. Holt (1962), 174 Ohio St. 55, 57. It is a fundamental legal principal that ignorance of the law is no excuse. Therefore, appellant's knowledge or lack of knowledge concerning the legality of selling drug paraphernalia is not necessary to support a violation of Regulation 52.
 {¶ 30} Finally, appellant argues that the Commission's decision was not in accordance with law because the Commission abused its discretion in ordering the revocation of the permit. R.C. 4301.25(A) states, in pertinent part:
 {¶ 31} "The liquor control commission may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause * * *."
 {¶ 32} The Commission acted pursuant to R.C 4301.25, which provides it with the power to revoke a permit pursuant to a violation of any of the applicable restrictions of such chapters or any lawful rule. The Commission revoked appellant's permit pursuant to a violation of Ohio Adm. Code 4301:1-1-52(B)(4). This court in Dimitri upheld a suspension of appellant's permit for a similar violation concerning the sale of drug paraphernalia but our opinion did not limit the Commission's ability to revoke or suspend a permit for violations.
 {¶ 33} Given all of the above, we cannot find that the trial court abused its discretion, or otherwise erred as a matter of law in determining that the Commission's order was supported by reliable, probative, and substantial evidence and was in accordance with law. Lastly, this court has no authority to vacate, reverse, or modify the sanction lawfully imposed by the Commission. Henry's Café, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233. Accordingly, appellant's sole assignment of error is not well-taken and is overruled.
 {¶ 34} For the reasons stated above, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BOWMAN, J., concur.